**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 25-264** |
| **DEWHITE DAWKINS** | : | |

# GOVERNMENT'S SENTENCING MEMORANDUM

Defendant DeWhite Dawkins is a marijuana dealer who, for more than a year, paid a United States Postal Service carrier substantial bribes to deliver Priority Mail parcels which contained marijuana to him and an associate. He admitted that he paid bribes to the corrupt postal carrier to deliver approximately fifteen parcels containing approximately 237 pounds of marijuana. These parcels were shipped from California to addresses on the postal carrier's route in Levittown, Pennsylvania. Significantly, the defendant committed this offense while on probation in Delaware County. In addition to this offense, his illegal reentry into the United States and lengthy criminal history, while in the United States, have shown that he plainly has no regard for the law. For these reasons, as well as the reasons provided below, the government recommends a sentence of incarceration within the advisory guideline range of 92 to 115 months' imprisonment, absent any basis for a below-guideline sentence addressed in the supplemental sealed attachment to this sentencing memorandum.

A sentencing court follows a two-step process, first calculating the range under the Sentencing Guidelines, and then considering that range along with all pertinent 18 U.S.C. § 3553(a) factors in determining the appropriate sentence. *See* USSG § 1B1.1 (Nov. 1, 2025).[1]

At the second step of the sentencing process, "[t]he record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors. . . . [A] rote statement of the § 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution properly raises 'a ground of recognized legal merit (provided it has a factual basis)' and the court fails to address it." *United States v. Cooper*, 437 F.3d 324, 329-30 (3d Cir. 2006) (citations omitted). *See also Rita v. United States*, 551 U.S. 338, 356 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."); *United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (en banc) ("Failure to give 'meaningful consideration' to any such argument renders a sentence procedurally unreasonable which, when appealed, generally requires a remand for resentencing.").

The government explains below its view of the proper consideration in this case of the advisory guideline range and of the Section 3553(a) factors.

## I. BACKGROUND

On June 23, 2025, the defendant was charged by information in Count One with conspiracy, in violation of 18 U.S.C. § 371 and in Count Two, with bribery of a public official, in violation of 18 U.S.C. § 201(b)(1). On August 12, 2025, the defendant entered a guilty plea to

[1] Courts previously followed a three-step process, in which the court first calculated the guideline range, then next ruled on motions for departure, before considering the 3553(a) factors. *See United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). In an extensive amendment to the Guidelines effective November 1, 2025, the Sentencing Commission eliminated the departure provisions in the manual and dictated the two-step process described above.

both counts before this Court. During the plea colloquy, the defendant admitted that he paid bribes, either in cash or via Cash App, to the postal carrier in return for delivering the Priority Mail parcels containing marijuana. A sentencing hearing is scheduled for November 25, 2025, at 11:00 a.m.

## II. <u>SENTENCING CALCULATION</u>

### A. <u>Statutory Maximum Sentence</u>

The maximum penalty for conspiracy is 5 years imprisonment, 3 years' supervised release, a $250,000 fine, and a $100 special assessment. The maximum penalty for bribery is 15 years' imprisonment, 3 years' supervised release, a $250,000 fine or not more than three times the monetary equivalent of the thing of value, and a $100 special assessment. The total maximum sentence that may be imposed on the defendant is 20 years' imprisonment, a $500,000 fine or three times the monetary equivalent of the thing of value, three years' supervised release, and a $200 special assessment.

### B. <u>Sentencing Guidelines Calculation</u>

The government agrees with the United States Probation Office that the base offense level is twelve under U.S.S.G. § 2C1.1(b)(1). PSR ¶ 31. The government agrees that, since the offense involves more than one bribe, a two-level enhancement under U.S.S.G. § 2C1.1(b)(1) applies. PSR ¶ 32. The government also agrees that the value of the marijuana received was approximately $450,433 (237 pounds x $1,1900 per pound) and therefor the offense level is increased by twelve levels. PSR ¶¶ 22, 33.[2] The adjusted offense level is 26. PSR ¶ 37. After a

2 The defendant filed an objection to the PSR disputing the value, i.e., the price per pound, of the marijuana. However, he has not provided either the Probation Office or the government with any basis for his challenge. See Addendum to PSR. The government is relying on the Drug Enforcement Administration's figures, which list the 2019 value for domestic marijuana in Philadelphia as ranging from $1,900 to $2,500 per pound.

three-level decrease for acceptance of responsibility under U.S.S.G. § 3E1.1(a)(b), the total offense level is 23. PSR ¶ 41.

The government also agrees with the Probation Office's determination that the defendant's prior criminal convictions result in a total criminal history score of twelve. PSR ¶ 57. A criminal history score of twelve establishes a criminal history category of VI. PSR ¶¶ 57-59. With a total offense level of 23 and a criminal history category of IV, the Guidelines range is 92 to 115 months' imprisonment. PSR ¶ 110.

## III. <u>ANALYSIS</u>

The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). "These requirements mean that '[i]n the usual sentencing, . . . the judge will use the Guidelines range as the starting point in the analysis and impose a sentence within the range." *Peugh v. United States*, 133 S. Ct. 2072, 2083 (2013) (quoting *Freeman v. United States*, 131 S. Ct. 2685, 2692 (2011) (plurality opinion); ellipsis in original). "Common sense indicates that in general, this system will steer district courts to more within-Guidelines sentences." *Peugh*, 133 S. Ct. at 2084. "The federal system adopts procedural measures intended to make the Guidelines the lodestone of sentencing." *Id.*

In addition, this Court must also consider all of the sentencing considerations set forth in Section 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or

vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).[3]

**A. <u>Consideration of the 3553(a) Factors</u>**

In consideration of the advisory Guideline rage and the Section 3553(a) factors discussed below, the government respectfully requests a sentence of imprisonment within the advisory guideline range of 92 to 115 months' imprisonment.

**1. <u>The nature and circumstances of the offense and the history and characteristics of the defendant.</u>**

The nature and circumstances of the defendant's offenses reflect the need for a guideline sentence. The defendant approached a United States postal carrier, whom he met socially, to assist him in obtaining U.S. Priority Mail parcels containing marijuana in return for substantial bribes. The defendant paid the postal carrier approximately $400 for each of the fifteen parcels delivered. This was not a one-time event but rather occurred on multiple occasions. This investigation, along with a number of similar investigations during the past few years, has shown that the use of the U.S. mail by marijuana dealers like the defendant and corrupt mail carriers is a

[3] Further, the "parsimony provision" of Section 3553(a) states that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." The Third Circuit has held that "district judges are not required by the parsimony provision to routinely state that the sentence imposed is the minimum sentence necessary to achieve the purposes set forth in § 3553(a)(2). . . . '[W]e do not think that the "not greater than necessary" language requires as a general matter that a judge, having explained why a sentence has been chosen, also explain why some lighter sentence is inadequate.'" *United States v. Dragon*, 471 F.3d 501, 506 (3d Cir. 2006) (*quoting United States v. Navedo Concepcion*, 450 F.3d 54, 58 (1st Cir. 2006)).

serious problem. The defendant's use of bribery compounded the problem the U.S. Postal Service faces in trying to maintain the integrity of the postal service.

Our society abhors corruption because it undermines our system of government, a system that belongs to the people. By providing the Postal carrier with strong incentive to sell her position and misuse the United States Postal Service, the defendant contributed to the perception that the mail system is inhabited by corrupt actors. Thus, the nature and circumstances of the offense warrant a guideline sentence.

Further, the defendant's history supports the need for incarceration. He committed the serious offense while on probation in Delaware County. In fact, as detailed in the PSR, he has a history of committing crimes while on probation and parole, leading to a Criminal History Category of VI. PSR ¶¶ 45-53. In addition, he is presently in the United States illegally after having been deported in March 2023 and is awaiting trial on illegal reentry charges in this district (Criminal No. 24-369).

**2. <u>The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.</u>**

This is a very serious case because it involves the violation of public duty and misuse of the Untied States Postal Service. Although the duty belonged to the Postal employee, the defendant's involvement with the Postal employee's corrupt conduct served to support the breach of duty. Corrupt public servants exist in part because individuals like the defendant are willing to pay corruptible officials. His conduct which spanned more than a year deserves a stern sanction, one that conveys to the public the seriousness of the offense. The defendant is an individual who, time and again, has failed to abide by the laws of the United States. His sentence should reflect the seriousness of the offense and should promote respect for the laws that the defendant has violated.

**3. <u>The need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.</u>**

Another factor in the sentencing determination is both specific and general deterrence. As the courts of appeals have held both before and after *Booker*, deterrence under 3553(a) is not limited to deterrence of the particular defendant. *See e.g. United States v. Jordan*, 435 F.3d 693, 698 (7th Cir. 2006) (describing how Section 3553(a) "specifies that the court may consider the need for general deterrence and respect for the law"); *United States v. Glover*, 431 F.3d 744, 751 (11th Cir. 2005) (noting that pre-*Booker* and post-*Booker*, "the underlying goals of the statute and the Guidelines are retribution, general deterrence, incapacitation, and rehabilitation" (internal quotation marks omitted)); *see also United States v. Yeaman*, 248 F.3d 223, 232 (3d Cir. 2001) (referring to Section 3553(a)'s goals of "general deterrence, specific deterrence, retribution, and rehabilitation").

Deterrence is particularly important in this case. As noted above, the defendant poses a high risk of recidivism. While the defendant is expected to be removed from the United States following the service of his sentence, his prior removal and associated warnings did not deter him from illegally re-entering the United States. In addition, the public must see that drug dealers like the defendant are adequately punished for bribing public officials and corrupting the United States mail system.

**4. <u>The need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner.</u>**

There is no need in this case to adjust the sentence in order "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . ." § 3553(a)(2)(D). While serving an otherwise appropriate

sentence, the defendant will have the opportunity to take advantage of educational or vocational training. As an illegal alien, he is expected to be deported.

### 5. The guidelines and policy statements issued by the Sentencing Commission.

The Sentencing Guidelines aim to achieve uniform and appropriate treatment of like crimes, and represent the distillation of more than 20 years of careful study of sentencing practices across the country, and correlate as well to the varying severity of crimes as defined by Congress.

### 6. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

The need to avoid sentencing disparities among similarly situated defendants supports the governments recommendation set forth in the attached sealed supplement.

### 7. The need to provide restitution to any victims of the offense.

Restitution is not an issue in this case. 18 U.S.C. § 3553(a)(7).

## IV. CONCLUSION

The government recommends imposition of a sentence within the advisory guideline range of 92 to 115 months' imprisonment

Respectfully submitted,

DAVID METCALF
United States Attorney

*/s Michelle Morgan*
Chief, Corruption and Civil Rights
Assistant United States Attorney

*/s/ Terri A. Marinari*
TERRI A. MARINARI
Assistant United States Attorney

DATE: November 19, 2025

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Sentencing Memorandum and sealed supplement has been served via email upon:

Zachary Parrish, Esquire
Assistant Federal Defender
Federal Defenders Association
601 Walnut Street, Suite 540 West
Philadelphia, PA 19106
Counsel for the Defendant

*/s/ Terri A. Marinari*
TERRI A. MARINARI
Assistant United States Attorney

Date: November 19, 2025